United States District Court
Southern District of Texas
**ENTERED**
July 30, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| COLLINS O. NYABWA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-103 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Collins O. Nyabwa has sued the City of Corpus Christi (the City) for violation of his First Amendment right to free speech, his Fourth Amendment right to privacy, and his Fourteenth Amendment rights to due process and equal protection, pursuant to 42 U.S.C. § 1983. Plaintiff also asserts that officers with the Corpus Christi Police Department (CCPD) are stalking him which has resulted in willful infliction of emotional distress (First Amd. Compl., D.E. 12). The following motions are pending in this case: (1) the City's motion to dismiss Plaintiff's amended complaint (D.E. 13); (2) Plaintiff's motion for discovery (D.E. 16); (3) Plaintiff's motion for summary judgment (D.E. 17); (4) Defendant's motion to stay discovery (D.E. 21); and (5) Plaintiff's motion for a hearing (D.E. 26). For the reasons discussed more fully below, it is recommended that Defendant's motion to dismiss be granted and Plaintiff's lawsuit be dismissed with prejudice for failure to state a claim. It is further recommended that all other pending motions be administratively terminated.

1 / 10

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Venue is appropriate in this Court because the actions about which Plaintiff complains occurred in Corpus Christi, Nueces County, Texas.

## BACKGROUND

The following facts are taken from Plaintiff's amended complaint and construed in the light most favorable to him.  Plaintiff lives in Corpus Christi and believes he is the subject of "stingray surveillance" by the CCPD via his cell phone.[1]  He asserts that on December 1, 2017 and January 13, 2018, CCPD officers subjected Plaintiff to illegal stingray surveillance, each time while he was sitting in a parking lot.  Plaintiff asserts that the surveillance has happened at other times but he is only describing two instances at this point.  Plaintiff asserts that he is the target of stingray surveillance because he is politically active on social media and participates in a resistance movement against President Trump.  He also claims that CCPD officers routinely hack into his Twitter account.

Plaintiff contends that CCPD's use of stingray surveillance causes his cell phone battery to drain quickly and also causes important calls to be dropped.  Plaintiff believes that when he goes to the main library in Corpus Christi, stingray surveillance causes the

---

[1] "StingRay" is the brand name of a cell-site simulator, which is a device that locates cell phones by mimicking a service provider's cell tower.  A StingRay device forces cell phones in its area to transmit "pings" to the simulator and can be used to pinpoint the location of a cell phone. *United States v. Lamb*, 197 F.Supp.3d 606, 609 (S.D.N.Y. 2016).

images on his laptop computer to appear fuzzy.  He has complained to library personnel who have told him that the fuzziness is caused by a problem with the City's WiFi.

Plaintiff is often met at the library by a security guard, which he claims is evidence that library personnel know when he is on his way.  While he is at the library, shadowy characters follow him around and leave the library as soon as he does, which is a violation of his right to privacy.  Plaintiff has had additional unpleasant experiences at the library, including being told that he needed to apply for a library card rather than use a guest pass and being accused of verbally and physically assaulting a woman at the library.

Plaintiff further claims that the City has a vague "we only use stingrays with a warrant" policy.  In addition, he claims that even if there is a policy to use the surveillance method only with a warrant, the City has no way of knowing if individual officers go beyond the scope of the warrant.

Plaintiff seeks an injunction stopping further use of the stingray devices until CCPD can assure the public that they have an accountability policy in place and that they are not used for stalking purposes.  In addition, Plaintiff seeks $5 million in damages for violation of his rights under the First, Fourth, and Fourteenth Amendments and because CCPD officers are stalking him and intentionally causing him to suffer emotional distress.

In its motion to dismiss, Defendant argues that (1) this Court lacks subject matter jurisdiction over Plaintiff's state law claims because the City is immune from liability for the intentional torts of stalking and intentional infliction of emotional distress; (2)

Plaintiff has failed to state a claim for violation of his constitutional rights by the City; (3) Plaintiff has failed to plead facts sufficient to show that the City has a policy or custom that has resulted in a violation of his constitutional rights; (4) Plaintiff has failed to state a claim for violation of his constitutional rights against the City based on negligent training or hiring; and (5) Plaintiff has failed to state a claim for violation of his First Amendment right to free speech.  In his response to the motion to dismiss, Plaintiff reiterates his claim that he has pleaded sufficient facts to state a claim that his constitutional rights have been violated.

## APPLICABLE LAW

### A.  Motion to Dismiss

#### 1.  Rule 12(b)(6)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the formal sufficiency of the statement of a claim for relief.  It is not a procedure for resolving disputes about the facts or the merits of a case.  In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Hines v. Alldredge*, 783 F.3d 197, 200-201 (5th Cir. 2015).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007) (internal citations and

quotations omitted).

> In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held the following:
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], 550 U.S. at 570, 127 S.Ct. at 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556, 127 S.Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S.Ct. 1955.

*Iqbal*, 556 U.S. at 678.  Accordingly, in order to survive a motion to dismiss, a plaintiff's

complaint must allege enough facts to show that a plausible claim for relief exists on the

face of the pleading.

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation

of the Constitution or of federal law and show that the violation was committed by

someone acting under color of state law.  *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245,

252-53 (5th Cir. 2005) (internal citations omitted).  Claims under §1983 may be brought

against persons in their individual or official capacities, or against a governmental entity.

*Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (*citing Board of County

Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997)).  Personal-capacity suits

seek to impose liability upon a government official as an individual while official-

capacity suits generally represent only another way of pleading an action against an entity

of which an officer is an agent.  *Id.* (citing *Monell v. Dept. of Soc. Serv's of City of New York*, 436 U.S. 658, 690, n. 55 (1978)).

Giving Plaintiff every benefit of the doubt, he has failed to plead facts to make out a claim to relief under the Constitution that is plausible on its face.  The only factual allegations that he has made are that his Twitter account was hacked, his cell phone battery loses power quickly, his calls are sometimes dropped, he is often met by a security guard at the municipal library, the video on his laptop computer is fuzzy when is at the library, shadowy characters follow him around the library, he has been told he needs to apply for a library card, and he once was accused of verbally and physically assaulting a woman at the library.  These factual allegations, even if true, do not state a claim for a constitutional violation of any sort.  Plaintiff's other allegation, that he is the subject of illegal stingray surveillance by CCPD, is conclusory rather than factual and does not state a claim for relief.  Accordingly, it is recommended that Plaintiff's 42 U.S.C. § 1983 causes of action against the City be dismissed for failure to state a claim.

## 2. Remaining State Law Claims

Absent exceptions not relevant here, a federal court has jurisdiction "over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349 (1988) (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).  Plaintiff asserts two additional claims against the City of Corpus Christi which are based on state law.  He claims that CCPD officers have been

stalking him and that stalking is a criminal offense in Texas.  In addition, he claims that the stalking constitutes willful infliction of emotional distress.

Defendant argues that this Court lacks subject matter jurisdiction because Plaintiff is asserting intentional torts and the City of Corpus Christi is immune from claims involving intentional torts.  *See* Tex. Civ. Prac & Rem. Code §§ 101.021 and 101.057. However an analysis of the City's entitlement to sovereign immunity is not necessary because it is clear that Plaintiff has not stated a claim for either violation.

Regarding his claim that CCPD is stalking him, Plaintiff has pleaded no facts to support such a claim.  The Texas Civil Practice & Remedies Code provides the following:

> (a)  A claimant proves stalking against a defendant by showing:
> (1) on more than one occasion the defendant engaged in harassing behavior;
> (2) as a result of the harassing behavior, the claimant reasonably feared for the claimant's safety or the safety of a member of the claimant's family; and
> (3) the defendant violated a restraining order prohibiting harassing behavior or:
> (A) the defendant, while engaged in harassing behavior, by acts or words threatened to inflict bodily injury on the claimant or to commit an offense against the claimant, a member of the claimant's family, or the claimant's property;
> (B) the defendant had the apparent ability to carry out the threat;
> (C) the defendant's apparent ability to carry out the threat caused the claimant to reasonably fear for the claimant's safety or the safety of a family member;
> (D) the claimant at least once clearly demanded that the defendant stop the defendant's harassing behavior;
> (E) after the demand to stop by the claimant, the defendant continued the harassing behavior; and
> (F) the harassing behavior has been reported to the police as a stalking offense.
> (b) The claimant must, as part of the proof of the behavior described by Subsection (a)(1), submit evidence other than evidence based on the claimant's own perceptions and beliefs.

Tex. Civ. Prac. & Rem. Code § 85.003.  Assuming Plaintiff is claiming that one or more CCPD officers is stalking him, he has failed to plead any facts to show that he could make out a cause of action under the statute, much less that the City would be liable on any theory if he could do so.  Accordingly, Plaintiff's stalking cause of action should be dismissed for failure to state a claim.

Nor has Plaintiff stated a claim for intentional infliction of emotional distress.  To assert such a claim, a person must allege (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the plaintiff's emotional distress was severe.  *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). Extreme and outrageous conduct is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  *Id.* (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)).

Plaintiff has alleged no facts to state a plausible claim that any member of CCPD has taken any action against him that could be considered intentional infliction of emotional distress.  Because he has not stated such a claim, there is no need to analyze whether the City is liable for such a tort.  Accordingly, it is recommended that Plaintiff's cause of action for intentional infliction of emotional distress be dismissed.

**B. Other Pending Motions**

Because it is recommended that Plaintiff's causes of action be dismissed with prejudice for failure to state a claim, it is further recommended that the other pending motions in this case be administratively terminated.  Should the District Court disagree with the recommendation to dismiss Plaintiff's case, the remaining motions will be addressed in a supplemental Memorandum and Recommendation.

## <u>RECOMMENDATION</u>

Based on the foregoing, it is respectfully recommended that Defendant's motion to dismiss (D.E. 13) be GRANTED and Plaintiff's lawsuit be DISMISSED for failure to state a claim.  It is further recommended that Plaintiff's motion for discovery (D.E. 16); Plaintiff's motion for summary judgment (D.E. 17); Defendant's motion to stay discovery (D.E. 21); and Plaintiff's motion for a hearing (D.E. 26) be administratively terminated.

Respectfully submitted this 30th day of July, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).