UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| COLLINS O. NYABWA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-103 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant City of Corpus Christi's Motion to Dismiss Plaintiff's Amended Complaint (D.E. 13). On July 30, 2018, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (M&R, D.E. 29), recommending that Defendant's motion to dismiss be granted and that Plaintiff's lawsuit be dismissed with prejudice. Plaintiff timely filed his objections (D.E. 30), Defendant responded (D.E. 33), and Plaintiff replied (D.E. 35). Plaintiff's objections are addressed below.

First, Plaintiff asserts throughout his objections that the Magistrate Judge showed extreme hostility toward him. While he claims that this Court has a systemic issue of unjustly dismissing pro se complaints, he does not detail any basis for that objection. He only argues that the reasoning and recommendation in the M&R are incorrect. Regardless of whether the plaintiff is pro se or represented by counsel, the complaint must sufficiently plead facts to state a claim for relief in order to survive a motion to dismiss. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Plaintiff has had a full and fair opportunity to plead his claims, respond to the motion to dismiss, and

object to the M&R. After a review of the record, Plaintiff's objections, and the recommendation in the M&R, the Court concludes that the Magistrate Judge properly identified the issues and applied the correct standard of review regarding the facial plausibility of his claims. As explained below, the recommendation is legally correct and there is no indication of hostility to Plaintiff. Plaintiff's first objection is OVERRULED.

Second, Plaintiff objects to the Magistrate Judge's application of the pleading standard to his claim that he is the subject of illegal surveillance by the City of Corpus Christi. According to Plaintiff, his allegations are factual, plausible, and easily verifiable because he provided dates and places of alleged illegal surveillance by police officers, along with their license plate numbers. But, Plaintiff's claims in this case are not based on the presence of law enforcement. Rather, the crux of Plaintiff's claims is that the officers violated his constitutional rights by using surveillance technology without a warrant to track him through his cell phone. His allegations, however, do not lend plausibility to these surveillance claims. Plaintiff's allegations, which the Magistrate Judge accepted as true, are that his Twitter account was hacked, his cell phone battery quickly loses power, his phone calls sometimes drop, he is often met by a security guard at the municipal library, videos on his computer appear fuzzy at the library, he was told he needed a library card, and he was accused of verbally and physically assaulting a woman. These facts, even when viewed in Plaintiff's favor, do not lead to a reasonable inference that the City of Corpus Christi subjected him to illegal surveillance.

Plaintiff argues that the Magistrate Judge must accept as true his allegation that the illegal surveillance by the City of Corpus Christi violated his Fourth Amendment right.

However, conclusory allegations are not entitled to a presumption of truth under the standard of review. "Although for the purposes of the motion to dismiss [courts] must take all of the factual allegations in the complaint as true, [courts] are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Without any underlying facts that tie the City of Corpus Christi to Plaintiff's cell phone, the allegation of surveillance is conclusory and the Court cannot accept it as true. The Magistrate Judge properly applied the pleading standard to Plaintiff's allegations. Plaintiff's second objection is OVERRULED.

Third, Plaintiff objects that the Magistrate Judge did not address his municipal liability claim as governed by *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978). In *Monell*, the Supreme Court held that local governing bodies can be sued under § 1983 where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Id*. at 690. But, Plaintiff's pleadings are insufficient to assert a *Monell* claim that the City of Corpus Christi subjected him to surveillance without a warrant.[1] Further analysis of the doctrine is moot because Plaintiff's pleadings do not show that there was a constitutional violation. Thus, the Court need not, and does not, reach any issue under *Monell*. Plaintiff's third objection is OVERRULED.

---

[1] Plaintiff argues that the Magistrate Judge created a heightened pleading standard in conflict with *Innova Hospital San Antonio, Ltd. Partnership v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719 (5th Cir. 2018). Plaintiff represents the holding of that case to be that a plaintiff does not have to plead details about an official policy if he does not have access to the materials from which such facts may be gleaned. However, the Fifth Circuit still required the *Innova* plaintiff to plead other sufficient facts to infer that the defendant was liable. *Id*. at 729.

Last, Plaintiff objects that the Magistrate Judge should have applied the holding of *Carpenter v. United States,* 138 S. Ct. 2206 (2018), to his claims. The United States Supreme Court held in *Carpenter* that the government's acquisition of a person's cell-site records is a Fourth Amendment search that generally requires a warrant. *Id.* at 2213. As discussed above, Plaintiff's claims do not allege plausible facts that a warrantless search of his cell phone took place at all. The M&R correctly dismissed this matter on the basis of the failure to plead a claim for relief under the Constitution. Thus, the Magistrate Judge did not need to address *Carpenter* because it has no application here. Plaintiff's fourth objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court OVERRULES Plaintiff's objections and ADOPTS as its own the findings and conclusions of the Magistrate Judge. Defendant's motion to dismiss (D.E. 13) is GRANTED and this action is DISMISSED WITH PREJUDICE for failure to state a claim.

ORDERED this 9th day of October, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE