Case 2:18-cv-00103   Document 41   Filed on 12/04/18 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
December 04, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| COLLINS O. NYABWA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-103 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Plaintiff Collins Nyabwa's motion to alter or amend the judgment issued in this case (D.E. 38). For the reasons discussed more fully below, it is recommended that the motion be denied.

## BACKGROUND

Plaintiff filed this lawsuit on April 17, 2018 alleging violations of various constitutional rights by police officers employed by the City of Corpus Christi (the City), including that he was being surveilled without a warrant (D.E. 1). Following a motion to dismiss filed by the City and briefing of the issues by both parties, a Memorandum and Recommendation (M&R) was entered recommending dismissal of all of Plaintiff's causes of action for failure to state a claim (D.E. 29). Plaintiff objected to the M&R and both parties filed additional briefs. On October 9, 2018 the District Court adopted the M&R and dismissed Plaintiff's lawsuit with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (D.E. 36, 37).

On November 2, 2018 Plaintiff filed a motion to reconsider the Court's final judgment pursuant to Fed. R. Civ. P. 59(e), arguing the following: (1) The Fifth Circuit Court of Appeals and its associated district courts operate an extremely hostile and broken court system that routinely and unfairly dismisses complaints by *pro se* litigants; (2) the Department of Homeland Security (DHS) is retaliating against him by subjecting him to twenty-four hour surveillance by various law enforcement entities, including the City; (3) the Court erred when it failed to order discovery in his case in accordance with the holding in *Carpenter v. United States*, 138 S.Ct. 2206 (2018); (4) He has been unfairly subjected to a heightened pleading standard; and (5) He has new evidence that corroborates his claim that the City is surveilling him in violation of his civil rights. The City responded to Plaintiff's motion for reconsideration and asserts that Plaintiff has failed to establish a manifest error of law or fact and that he does not present any newly discovered evidence.

## APPLICABLE LAW

### A. Dismissal of Claims

Plaintiff's claims were dismissed pursuant to Fed. R. Civ. P. 12(b)(6) which tests the formal sufficiency of the statement of a claim for relief. It is not a procedure for resolving disputes about the facts or the merits of a case. In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Hines v. Alldredge*, 783 F.3d 197, 200-201 (5th Cir. 2015). In order to survive a motion to dismiss, a plaintiff's complaint must allege enough facts to show that

a plausible claim for relief exists on the face of the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of the Constitution or of federal law and show that the violation was committed by someone acting under color of state law. The district court found that Plaintiff did not plead facts sufficient to lead to a reasonable inference that the City subjected him to illegal surveillance.

### A. Rule 59(e)

District courts have considerable discretion in deciding whether to grant a motion to alter or amend a judgment. *City of New Orleans Employees' Retirement System ex rel. BP P.L.C. v. Hayward*, 508 Fed. Appx. 293, 301 (5th Cir. 2013) (citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)). However, the discretion is not limitless and the court must strike a balance between finality and the need to render a just decision based on all the facts. *Id.* "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). To prevail on a Rule 59(e) motion, the movant must show either a manifest error of law or fact, or must present newly discovered evidence. Such a motion cannot be used to raise arguments which could and should have been made before judgment issued. *Edionwe v. Bailey*, 860 F.3d 287, 294-295 (5th Cir. 2017). Each of Plaintiff's arguments will be addressed in light of this standard.

In his amended complaint, Plaintiff alleged that he acquired a cell phone on December 25, 2013 and that since that time he has been under constant "stingray

surveillance,"[1] first by the Houston Police Department and, since he moved to Corpus Christi, by the Corpus Christi Police Department.  To support this allegation, he states that on December 1, 2017, a police officer in the parking lot of a drug store subjected him to illegal "stingray surveillance."  Plaintiff does not explain how he came to realize that he was under surveillance.  Plaintiff alleges that two other officers did the same thing on April 7, 2017 and January 13, 2018, again without any explanation of how he knew he was being surveilled (D.E. 12 at p. 4).

Plaintiff also asserts that the City has hacked into his twitter account, with no explanation of how he knows his account was hacked or who did it (*Id.* at p. 5).  In addition, he alleges that the stingray devices cause his cell phone battery to drain extremely quickly and drop calls (*Id.* at p. 12).  He avers that when he uses his laptop computer at a public library in Corpus Christi the videos appear fuzzy, which he attributes to stingray surveillance without any explanation of how surveillance of his cell phone would affect his laptop computer (*Id.* at p. 13).  He further asserts that a security guard usually meets him when he arrives at the library parking lot, which he claims is evidence that he is being surveilled, and that shadowy characters follow him around the library and leave when he does (*Id.*)  Plaintiff also claims he was denied a guest pass to the library, was told that he had to obtain a library card, and was wrongfully accused of assaulting another library patron (*Id.* at pp. 13-14).

---

[1] "StingRay" is the brand name of a cell-site simulator, which is a device that locates cell phones by mimicking a service provider's cell tower.  A StingRay device forces cell phones in its area to transmit "pings" to the simulator and can be used to pinpoint the location of a cell phone.  *United States v. Lamb*, 197 F.Supp.3d 606, 609 (S.D.N.Y. 2016).

Plaintiff made a number of claims based on these factual allegations. Although all of Plaintiff's claims were dismissed for failure to state a claim pursuant to Rule 12(b)(6), he appears to challenge only the dismissal of his claim that he is being subjected to stingray surveillance without a warrant in violation of his constitutional rights.

**(1) Courts in the Fifth Circuit are Hostile to *Pro Se* Litigants**

As Plaintiff's first ground for relief under Rule 59(e), he asserts that courts in the Fifth Circuit routinely and unfairly dismiss *pro se* litigants' complaints. He then discusses his own litigation history in the Fifth Circuit, pointing out that he has filed a number of lawsuits that have been dismissed before the courts addressed the merits.

The fact that Plaintiff has filed lawsuits that have been dismissed in the Fifth Circuit simply does not raise an issue for consideration under Rule 59(e).[2] Plaintiff's allegations in this lawsuit have been carefully considered and analyzed under the lenient standard to which *pro se* plaintiffs are entitled. *See Chhim v University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) (noting that *pro se* plaintiffs are held to a more lenient standard than lawyers when their complaints are analyzed, but still must plead factual allegations that raise the right to relief above the speculative level). The allegations in Plaintiff's complaint were accepted as true, viewed in the light most favorable to him, and reasonable inferences were drawn in his favor. Nevertheless, the facts alleged by Plaintiff do not rise above the level of speculation to support a claim that

---

[2] Moreover, Plaintiff achieved substantial success in one lawsuit he filed when he was granted habeas corpus relief after a statute under which he was convicted was declared unconstitutional by the Texas Court of Criminal Appeals. *See Nyabwa v. Stephens*, No. 4:12-cv-1152 (S.D. Tex. Aug. 23, 2016) at D.E. 93, 95, 96.

he has been the subject of unconstitutional surveillance. His allegation that the Fifth Circuit treats *pro se* litigants unfairly has no effect on the analysis of his amended complaint and does not warrant relief under Rule 59(e).

### (2) Retaliation by the Department of Homeland Security

Plaintiff also contends that DHS is retaliating against him for the success of his earlier habeas corpus petition by subjecting him to twenty-four hour surveillance by various law enforcement agencies, including the Corpus Christi Police Department. Plaintiff did not bring a retaliation claim in his amended complaint and Rule 59(e) cannot be used to raise arguments that could have been offered or raised before entry of judgment. *Edionwe*, 860 F.3d at 294-295. In addition, the retaliation claim is based on the same factual allegations that already have been found to be insufficient to state a claim for unconstitutional surveillance.

### (3) Failure to Allow Discovery

Plaintiff argues that it was error for this court to deny his request for discovery based on *Carpenter v. United States*, 138 S.Ct. 2206 (2018). The Court in *Carpenter* held that the acquisition of an individual's cell-site location information is a search and that the Government must generally obtain a warrant supported by probable cause before acquiring such records. *Id.* at 2220-2221. Plaintiff states that he requested discovery "to see if [the City] has ever subjected him to the kind of surveillance the Supreme Court outlawed in *Carpenter*." (D.E. 38 at p. 9). However, discovery rules are designed to help a party prove a claim it reasonably believes to be viable rather that to figure out if it has any basis for a claim. *See Russell v. Choicepoint Services, Inc.*, 302 F.Supp.2d 654, 671

(E.D. La. 2004) (quoting *Zuk v. Eastern Pa. Psychiatric Inst. of the Med College*, 103 F.3d 294, 299 (3rd Cir. 1996)) ("'Discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; Plaintiff must have some basis in fact for the action.'"). Plaintiff is not entitled to discovery based on *Carpenter* and is not entitled to Rule 59(e) relief on this issue.

**(4) Heightened Pleading Standard**

Plaintiff asserts that he has been held to a heightened pleading standard because the district court, in adopting the findings and conclusions of the M&R, stated that the facts alleged by Plaintiff do not lead to a reasonable inference that the City has subjected him to illegal surveillance (D.E. 38 at p. 12, citing D.E. 36 at p. 2). Plaintiff seems to argue that his allegations that his twitter account has been hacked and his "electronic gadgets exhibit signs of surveillance" (D.E. 38 at p. 12) are sufficient to state a claim for unconstitutional stingray surveillance. However, Plaintiff's allegations that he has seen police cars, experienced common problems with his cell phone, and is met by a guard at the library do not state a claim for relief that is plausible on its face.

**(5) New Evidence**

Plaintiff contends that he has new evidence to support his claims for relief and he refers to an October 11, 2018 blog post on the American Civil Liberties Union website that raises a question about whether law enforcement agencies in Massachusetts engage in "questionable" surveillance of "left-leaning political organizers." *See* https://www.aclu.org/blog/free-speech/rights-protesters/oops-did-police-accidentally-reveal-unconstitutional-surveillance (last viewed Nov. 30, 2018). He also refers to other

media reports regarding illegal surveillance of immigrants by DHS fusion centers.[3] Plaintiff asserts that because he is "a black immigrant who regularly Tweets under #TheResistance hashtag" that he has "almost certainly attracted the attention of some Texas DHS fusion center" and that it is "highly plausible" that his complaints about surveillance by local law enforcement "have been valid all along." (D.E. 38 at pp. 13-14). However, the "new evidence" submitted by Plaintiff has no bearing on his allegations against the City because it is nothing more than a speculative discussion about the possibility of law enforcement engaging in surveillance against political organizers in Massachusetts and other areas. Rule 59(e) relief based on the blog post is not warranted.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that Plaintiff's motion to alter or amend the judgment in this case (D.E. 38) be DENIED.

Respectfully recommended this 4th day of December, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[3] "Fusion centers operate as state and major urban area focal points for the receipt, analysis, gathering, and sharing of threat-related information between federal, state, local, tribal, territorial, and private sector partners." https://www.dhs.gov/state-and-major-urban-area-fusion-centers (last viewed November 30, 2018).

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).